**INSURANCE WORKERS INTERNA-
TIONAL UNION, AFL–CIO**

v.

**The HOME LIFE INSURANCE COM-
PANY OF AMERICA.**

Civ. A. No. 39355.

United States District Court
E. D. Pennsylvania.

July 5, 1966.

Markovitz, Brooks & Cantor, Phila-delphia, Pa., for plaintiff.

George Philip Stahl, Jr., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff in this case seeks to compel defendant to arbitrate a grievance arising out of a so-called territorial realignment put into effect by the defendant. Article V of the contract between plaintiff and defendant provides for the settlement of grievances. Subsections (a), (b) and (c) of that Article relate only to the discharge of district agents. After providing, in subsections (a) and (b), for certain steps in grievance adjustment, subsection (c) provides for arbitration in the event of the failure of settlement under (a) and (b). Subsection (d) provides:

"Any dispute other than the discharge of a District Agent arising out of this Agreement shall be settled in the following manner: * * *

"4. If no settlement is reached at step 3, the matter shall then be referred to an Arbitration Board as provided in Paragraph (c) above."

The defendant has filed an answer alleging as a fact that the entire subject matter of arbitration was discussed during the contract negotiations and that this particular grievance was rejected at the collective bargaining table as a subject of arbitration. We cannot agree that this is a defense to this action. In United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960), the Court said:

" * * * The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. * * * "

Clearly, the present grievance is a dispute arising out of the contract. It is therefore arbitrable on its face. It may be that the defendant could convince the arbitrator that this grievance was not intended to be the subject of arbitration or that there was no violation of the contract. This determination, however, is for the arbitrator and not for the court.

Arbitration of grievances is favored by the courts as one method of smoothing the sometimes rough road of labor-management relationships. Cf. Drake Bakeries, Inc., v. Local 50, American Bakery, etc., 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); United States Steel Corp. v. Seafarers' International Union, 237 F.Supp. 529 (E.D.Pa., 1965). If a party were permitted to resist or unduly delay arbitration by the mere averment that the particular grievance was not intended to be covered by a contract which, at least on its face clearly does cover it, the salutary purpose and indeed value of arbitration would be frustrated. We therefore hold that the question of arbitrability is for the arbitrator and that the determination of the grievance, if the arbitrator concludes that arbitration is appropriate, is also for him. As to that portion of plaintiff's complaint which seeks to compel arbitration, plaintiff's motion for judgment on the pleadings will be granted.

Defendant in its counter-claim seeks to recover damages from the plaintiff allegedly arising out of the plaintiff's continued efforts to obtain arbitration. There is no averment that the plaintiff's action in seeking arbitration was malicious or in bad faith. Certainly, one cannot be penalized in damages for seeking that which he conceives in good faith to be his legal right. Plaintiff's motion to dismiss the counter-claim will be granted.

Plaintiff also seeks damages in its complaint. This question has neither been briefed nor argued by either of the parties, and as to those claims for relief the motion for judgment on the pleadings will be denied without prejudice.